IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DOUGLAS MALONE ROGERS II,

                Petitioner,

v.                                            No. CIV 06-1169 JH/LFG

MICHAEL MARTIN, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

                Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.       This is a proceeding on a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, filed November 30, 2006. [Doc. 1.] Petitioner Douglas Malone Rogers II ("Rogers") was confined at the Roswell Correctional Center when he filed his § 2254 petition. On December 21,

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

2006, he was paroled to Roswell, New Mexico where he is to serve on parole until the expiration of his sentence.[2]  [Doc.11, Ex. B.]

    2.    Rogers challenges the judgment and sentence entered by the Fifth Judicial District Court in State v. Rogers, No. CR-2004-412 (Chaves County, State of New Mexico).

    3.    On February 9, 2005, a jury found Rogers guilty of drug-related crimes, Distribution of a Controlled Substance, to-wit: Methamphetamine. [Doc. 11, Ex. A.]  On August 8, 2005, the Court sentenced Rogers for a actual sentence of three years followed by three years probation to run concurrent with two years parole.  [Id.]

    4.    Rogers brings a single claim in his federal habeas petition. [Doc. 1, p. 6.]  He alleges that his civil rights were violated by the trial court's refusal to let him confront the confidential informant and by the police department's failure to follow policy and procedure.  Rogers attaches a typewritten "factual summary" to his § 2254 petition, and a list of issues he presented on direct appeal; however, he filled out the blank on the § 2254 application for one claim only.  [Doc. 1, pp. 6, 7.]

    5.    On February 19, 2007, Respondents filed an Answer with exhibits.  Respondents deny all material allegations that Rogers was confined in violation of any federal law and further deny that a federal habeas corpus writ is an appropriate remedy.  Respondents concede that Rogers fully exhausted the claim presented in his § 2254 petition on direct appeal and in a certiorari petition in the

---

[2] Rogers remains in "custody" for purposes of habeas jurisdiction while he is on parole. See Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Further, Roger's case is not moot because the adverse consequences of his criminal conviction remain.  See Cindle v. Page, 452 F.2d 752, 754 (10th Cir. 1971) (fact of conviction alone had substantial adverse consequences on petitioner's life even where the sentence was served).

New Mexico Supreme Court. [Doc. 11, ¶¶ 4, 6.] In their Answer, Respondents ask that Roger's habeas petition be denied and dismissed, with prejudice.

**Procedural and Factual History**

6.   The Judgment, Sentence and Commitment were entered on August 17, 2005. [Doc. 11, Ex. A.] On August 30, 2005, Rogers' Notice of Appeal was filed. [Doc. 11, Ex. C.] His docketing statement was filed on September 21, 2005. [Doc. 11, Ex. D.]

7.   In the docketing statement, Rogers sets out the factual history as follows. Rogers was accused of two counts of distributing methamphetamines on July 18, 2003 and July 23, 2003. The State alleged that Rogers sold drugs to an undercover officer, Agent Anthony Lara, of the Chaves County Metro Narcotic Task Force. Prior to trial, the defense inquired into whether a confidential informant ("CI") was used in Rogers' investigation. The Assistant District Attorney initially advised the defense that no informant was involved in this case and that the filing of a motion to determine an informant's identity would be a waste of time. However, Rogers alleges that on March 19, 2004, a search warrant was obtained to search Rogers' property and that the warrant alleged a CI had provided information pertaining to the drug transactions at issue. Rogers filed a motion to determine the informant's identity, and the State asserted the evidence obtained through the search warrant was not pertinent to this case even though the case was filed 3½ months after execution of the warrant. At trial, Agent Lara admitted he had used a CI in this case and that the informant had traveled with him to Rogers' house on July 18, 2003, to introduce Lara to Rogers' wife, who later introduced the Lara to Rogers. Agent Lara testified that the CI stayed at Rogers' house while the agent and Rogers traveled elsewhere to obtain the drugs. The state court conducted an *in camera* hearing with Agent

Lara, out of the presence of the defense, and determined not to order disclosure of the informant. Defendant's motion for mistrial for non-disclosure of the CI's identity was denied.

  8. Rogers' docketing statement identified several issues on appeal, including whether the State's "wilful non-disclosure of the evidence of a confidential informant should have resulted in a mistrial" and "whether the court erred in not ordering the disclosure of the confidential informant." [Doc. 11, Ex. D.]

  9. On October 13, 2005, the New Mexico Court of Appeals issued a notice of its Proposed Summary Disposition. The Court proposed affirming the trial court on the issues related to the disclosure of the confidential informant. The Court reasoned, in part, that even it was later revealed that a CI was used to target Rogers, "the affidavit in support of the criminal complaint and the State's response to the motion to disclose confidential informant indicate that the basis for the criminal complaint was two hand-to-hand buys between Defendant and an officer, Agent Lara, that occurred on July 18, 2005 and July 23, 2005." [Doc. 11, Ex. E, p. 2.] The Court further noted that contrary to Rogers' assertions, a search warrant had not been used in this case, and that the affidavit in support of the criminal complaint and the criminal complaint itself did not rely on the CI to support the allegations that led to charges in this case. Thus, the Court proposed to find that the district court did not abuse its discretion in denying a mistrial and that the trial court did not err in ruling that the CI was not required to be disclosed to Rogers. [Doc. 11, Ex. E.]

  10. On February 23, 2006, Rogers filed a motion to supplement record proper under seal to include the sealed transcript of the state court's *in camera* hearing. [Doc. 11, Ex. F.] The Court granted the motion and reviewed the testimony presented in the *in camera* hearing. [Doc. 11, Ex. I, p. 2.]

11. On March 29, 2006, Defendant filed a redacted memorandum in opposition to the proposed summary disposition that was filed under seal. [Doc. 11, Ex. G.] Much of the motion is redacted, but part of Rogers' argument was that the identity of the CI could have been relevant to an entrapment defense. Another aspect of his argument concerned the defense of misidentification at trial, i.e., that Rogers was not the person who met with Agent Lara and allegedly transacted drug sales on the two dates in question. [Doc. 11, Ex. G, pp. 4, 5.][3]

12. On June 15, 2006, the Court of Appeals issued a Memorandum Opinion affirming Rogers' convictions. [Doc. 11, Ex. I.] The Court noted Rogers' arguments that an informant in an unrelated case had been used to set up the alleged drug transaction in this case and that Agent Lara was mistaken as to the identities of the CI and Rogers in this case. The Court of Appeals did not find the arguments persuasive, concluding that the district court did not abuse its discretion in denying a mistrial. In its Memorandum Opinion, the Court relied on essentially the same reasons that were set out in its proposed summary disposition. The Court also determined that Rogers' defense at trial that he was not the person who met Agent Lara, when Agent Lara and other State witnesses testified otherwise, went to the weight and credibility of the State's and Defendant's witnesses, which the Court would not reweigh on appeal. [Doc. 11, Ex. I.]

13. On August 1, 2006, the mandate was issued. [Doc. 11, Ex. J.]

14. On August 2, 2006, Rogers' attorney filed an Emergency Motion to Withdraw or in the Alternative Recall Mandate [Ex. K], explaining that Defendant and counsel had not received a copy of the Memorandum Opinion issued by the Court and were unaware that the Court had issued

---

[3]Respondents filed under seal a copy of Rogers' unredacted Memorandum in Opposition for purposes of this federal habeas proceeding [Doc. 12, Ex. A], which the Court reviewed.

its ruling. Thus, counsel asked to recall the mandate to permit Rogers to file a timely petition for writ of certiorari. On August 3, 2006, Rogers filed a motion to accept his motion as timely filed and for an extension of time to file a petition for writ of certiorari. [Doc. 11, Ex. L.]

15.     On August 14, 2006, Rogers filed a Petition for Writ of Certiorari Under Seal. [Doc. 11, Ex. M.] The petition raised similar issues concerning the disclosure of the CI's identity and whether a mistrial should have been granted.

16.     On September 18, 2006, the New Mexico Supreme Court requested a response on an unrelated issue raised in the petition for writ of certiorari, which was filed on October 2, 2006. [Doc. 11, Exs. N, O.] The question about which the Supreme Court sought additional briefing concerned whether the Court of Appeals erred in denying Rogers' request to see a redacted version of the memorandum in opposition to the proposed summary disposition prepared on Rogers' behalf.

17.     On October 16, 2006, the New Mexico Supreme Court denied Rogers' petition for writ of certiorari but ordered that Rogers be permitted to receive and review the redacted version of the memorandum in opposition filed in the New Mexico Court of Appeals. [Doc. 11, Ex. P.] A mandate was issued on December 1, 2006. [Doc. 11, Ex. Q.]

18.     On November 30, 2006, Rogers filed his federal habeas petition.

**Discussion**

19.     A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either

by direct review of the conviction or in a post-conviction attack.  <u>Dever v. Kan. State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).  The Tenth Circuit also has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court.  <u>Barnett v. LeMaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* <u>Dulin v. Cook</u>, 957 F.2d 758, 759 (10th Cir. 1992)); <u>Watson v. State of New Mexico</u>, 45 F.3d 385, 387 (10th Cir. 1995).

20. Rogers' single claim concerning the disclosure of the confidential information and the state court's alleged error in denying a mistrial was clearly adjudicated on the merits in the state courts, and was fully exhausted.

**Deference to State Court Adjudications**

21. A federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000).  A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).

22. Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "increase[d] the deference to be paid by the federal courts to the state court's factual findings and legal determinations."  <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Tenth Circuit Court of Appeals explained:

> Under § 2254(d)(1), a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case. 'Under § 2254(d)(1)'s unreasonable application clause . . ., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable.' 'In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.' AEDPA also requires federal courts to presume state court factual findings are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence.

Sallahdin v. Gibson, 275 F.3d 1211, 1221-22 (10th Cir. 2002) (*relying on* 28 U.S.C. § 2254(e)(1)).

23.     The rulings of the state trial court denying disclosure of the the CI and denying the request for mistrial, along with the decisions of the state appellate courts affirming the denial and upholding the conviction, simply do not meet the standards for granting federal relief. In other words, the state court rulings neither constitute decisions that are contrary to or involve an unreasonable application of clearly established federal law as determined by the U. S. Supreme Court, nor do they represent an unreasonable determination of the facts in light of the evidence presented.

24.     First, there is no constitutional right to the pretrial disclosure of an informant under federal law. McCray v. State of Illinois, 386 U.S. 300, 311 (1967). Second, under the balancing test set out in Roviaro v. United States, 353 U.S. 53, 62 (1957), the state court decisions could not be found either contrary to or an unreasonable application of clearly established federal law. In Roviaro, the United States Supreme Court addressed the question of disclosing a CI's identity and decided that courts needed to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. Decisions should be made on a case-by-case basis,

"taking into consideration the crime charged, the possible defense, the possible significance of the informer's testimony and other relevant factors." Id.  If the disclosure of a CI's identity, or the contents of the CI's communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give away. Id. at 60-61.

25.     Here, the Court of Appeals thoroughly discussed Rogers' claims that the CI's identity should have been disclosed, that he should have been permitted to examine the CI, and that the trial court erred in not declaring a mistrial. [Doc. 11, Ex. I.] The Court set out the facts of the underlying investigation and charges, finding that the affidavit in support of the criminal complaint and the States's response to the motion to disclose CI indicated that the basis for the complaint was two hand-to-hand buys between Rogers and Lara, occurring on two different dates.  A search warrant was not used and thus, there were no issues about what information a CI might have supplied to support a search warrant.  Moreover, the Court concluded that the affidavit in support of the criminal complaint and the complaint itself did not rely on the CI to support the drug transactions between Rogers and Agent Lara that led to the charges in the case.  Indeed, the Court of Appeals found that Rogers' Memorandum in Opposition to summary affirmance confirmed that the events that led to the charges against Rogers were based on illegal activities that took place between Rogers and Agent Lara.  On one of the two pertinent dates, Agent Lara testified that the CI was not even present. [Doc. 11, Ex. I, p. 3; Ex. A, p. 3.]  In Rogers' Memorandum in Opposition, he stated that Lara's testimony was that the "alleged illegal activity took place between [Rogers] and Agent Lara, outside the presence of the informant."  [Doc. 11, Ex. A, p. 3.]

26.     Based on its review of the pleadings and transcripts, including the transcript of the *in camera* hearing, the Court of Appeals also concluded that the revelation of the identity of the CI

9

could compromise the CI and the informant's ongoing activities. Thus, Agent Lara testified at trial for the State based on his personal knowledge. The Court noted that since the evidence in support of the drug distribution counts did not rely on evidence from the CI, the Court could not say that the trial court should have declared a mistrial based on the allegation that the State wilfully withheld evidence about the CI. [Doc. 11, Ex. I, pp. 3-4.]

27. The Court of Appeals summarized the facts concerning the CI's participation or lack thereof as follows:

> The State did not rely on the confidential informant to support the criminal complaint or to support the substantial evidence against Defendant presented at trial in support of the elements of the distribution charges. No confidential informant-related-evidence would exculpate Defendant for the events that occurred between Defendant and Agent Lara, and the trial court's decision not to disclose the confidential informant did not hinder Defendant in the presentation of his defense. *See* Rule 5-501 NMRA. Finally, Defendant's defense at trial that he was not the person who met with Agent Lara when Agent Lara and the other State witnesses testified otherwise . . ., goes to the weight and credibility of the State's and Defendant's witnesses, which we do not reweigh on appeal.

[Doc. 11, Ex. I, p. 4.] Other evidence presented at trial included testimony that Agent Lara negotiated with Rogers to obtain a certain amount of methamphetamine on two dates and that on both dates, the Agent paid Rogers the negotiated sales price, that Rogers and Agent Lara traveled to certain addresses where Rogers entered and returned a short time later while the Agent waited, and Rogers handed Agent Lara the negotiated amount of methamphetamine. [Doc. 11, Ex. I, p. 7.]

28. After considering the crimes charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors, *see* Roviaro, 353 U.S. at 62, the Court concludes that the state court rulings are neither contrary to nor an unreasonable application of clearly

established federal law. Moreover, the state court decisions do not represent an unreasonable determination of the facts in light of the evidence presented. Finally, the appellate court's ruling that the trial court did not abuse its discretion in denying a mistrial was not an unreasonable application or determination. This simply is not a case where the petitioner has demonstrated that the disclosure of a CI's identity or the content of his communication was relevant and helpful to Rogers' defense or that it was "essential" to a fair determination of a cause. Roviaro, 353 U.S. at 60-61.

29.     Although Respondents characterized Rogers' federal habeas petition as presenting only one claim, it is possible that Rogers intended to assert two separate claims. In addition to his claim regarding the disclosure of the confidential informant's identity, Rogers alleges that the police department failed to follow policy and procedure. [Doc. 1, Claim One, p. 6.] He did not explain what policy or procedure was not followed in his federal petition and did not respond to Respondents' Answer and request to dismiss. However, to the extent that Rogers intended to raise a separate claim that the police department violated procedure by having one officer, rather than three officers, weigh the drug evidence, that claim also was exhausted and fully addressed and rejected by the Court of Appeals. In its Memorandum Opinion, the Court of Appeals determined that the admission or exclusion of such evidence was within the discretion of the trial court and that there was no abuse because no defects in the chain of custody of the "bindles" were demonstrated and no evidence was presented against the accuracy of the test results indicating the substances tested positive for methamphetamine. [Doc. 11, Ex. I, pp. 5-6.]

30.     The Court again determines that the state court decisions are neither contrary to nor an unreasonable application of clearly established federal law, with respect to this possible second

claim. Further, the state court decisions do not represent an unreasonable determination of the facts in light of the evidence presented.

## **Recommended Disposition**

That Respondent's request to dismiss be granted and that Rogers' § 2254 petition and all claims [doc. 1] be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge